## SUCCESSION OF PACKWOOD.

Where property of a succession, ordered, at the instance of the tutor of certain minor heirs, to be sold after being appraised, is adjudicated to a purchaser for a price less than one-half of its appraised value, the sale is null.

APPEAL by one *Peirce* from a judgment of the Second District Court of New Orleans, *Canon,* J., dismissing a rule taken by him on the executor of *Packwood,* to show cause why a title should not be made to him for certain property purchased by him at a sale of the effects of the succession.

*Race* and *Roselius,* for the appellant.

*Lockett* and *Micou,* contrâ. The order of the court under which the sale was made, required an appraisement. That order was the authority of the auctioneer, and he was bound to obey it. He could not disregard the appraisement, and any adjudication made under it was null. The question is not whether a sale might not have been ordered, without appraisement, if the creditors had so required, but whether the auctioneer could disregard the order as it was actually rendered.

The judgment of the court was pronounced by

SLIDELL, J. In this case *Peirce,* a purchaser at a probate sale, took a rule on the executor, to show cause why a notarial title should not be made to him of the property adjudicated. The defendant in the rule answered by a general denial, and also pleaded specially that the property did not bring its appraised value.

It appears from the record that, on the application of a creditor, the court had ordered the executor to sell sufficient property of the succession to pay its debts. This order was vaguely expressed and did not specify what property should be sold, nor whether it should be sold for cash, or how otherwise.

After this order, no further action was taken by the creditor, nor does he appear in any of the subsequent proceedings. There was a subsequent decree, obtained at the instance of the executor, to sell certain specified property for cash, and upon appraisement. After this, on the 20th April, 1846, there was still another decree, rendered upon a proceeding instituted by a tutor of certain minors interested in the succession against the executor, ordering the lots in question to be sold at a credit of one and two years; and, in consequence of a complaint by the tutor that the appraisement theretofore made was too low, the same decree contained an order for re-appraisement, which was made.

Under this state of facts we do not consider the question before us, whether the sale of the property of a succession may not be made for less than its appraised value, at the instance of a creditor. This sale was made under the decree of the 20th April, 1846, above stated. That decree was the auctioneer's sole authority. It expressly ordered an appraisement, and contemplated a sale accordingly. The price at which the two lots in question were adjudicated, was $3,100; the appraisement was $6,500. The decree under which the sale was made having been violated, the adjudication was illegal, and the rule taken by the purchaser was therefore properly dismissed.          *Judgment affirmed.*